**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**
**(Civil Division)**

|  |  |  |
|---|---|---|
| **CHRIS VU,** | ) | |
| 2301 S. Flanders St, | ) | |
| Aurora, CO 80013, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | |
| | ) | |
| **TODD BLANCHE,** | ) | |
| **Acting Attorney General,** | ) | |
| **U.S. Department of Justice,** | ) | **Jury Requested** |
| 950 Pennsylvania Avenue, NW, | ) | |
| Washington, D.C. 20530, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**COMES NOW** Plaintiff, Chris Vu, hereinafter ("Plaintiff" or "Mr. Vu"), by and through his undersigned counsel, and sues the Federal Bureau of Investigation ("FBI" or "Defendant"), and for his cause of action states the following:

**INTRODUCTION**

1. This is an action authorized and instituted pursuant to 42 U.S.C §§ 2000e for retaliation and for the Defendant's unlawful race (Asian) discrimination against the Plaintiff.

2. Between approximately 2008 and 2022, Plaintiff worked for Defendant as a Language Analyst in the Denver Division.

3. Between approximately 2023 and 2025, Defendant subjected Plaintiff to disparate treatment regarding terms, conditions, and privileges of employment with Defendant based on Plaintiff's race (Asian).

4.    On approximately November 21, 2023, Defendant admonished Plaintiff for alleged harassment and physically threatening behavior due to discrimination based on race (Asian), national origin (unknown), sex (male), and retaliated against him for prior EEO activity for having filed this Complaint.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Venue is appropriate and based on the fact that the actions complained of herein took place with orders from the Defendant's headquarters in the District of Columbia, and are the result of actions Defendant, a government agency that operates a business and conducts business within the District of Columbia and the United States.

## PARTIES

6.    Plaintiff is a resident of Aurora, Colorado.

7.    Plaintiff is Asian-American.

8.    At the time of the actions complained of herein, Plaintiff was employed by Defendant.

9.    Plaintiff is currently domiciled at 2301 S. Flanders St, Aurora, CO 80013.

10.    The Defendant, the Federal Bureau of Investigation, is a government agency headquartered at 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001 and doing business within the District of Columbia.

## FACTS

1.    In or around September 2008, Defendant hired Plaintiff (Asian) as a Language Analyst, GS-12.

2.    During the relevant time period relative to Plaintiff's Allegations, Yuliya

Fedasenka-Cloud (White), the Supervisory Foreign Language Program Coordinator (SFLPC) served as Plaintiff's direct supervisor.

3.    On or around November 7, 2023, Fedasenka-Cloud was out of office, and relief supervisor, Iryna Brunetti, stepped in as the acting supervisor.

4.    On or around November 7, 2023, a task came in from FBI Headquarters (FBIHQ). Plaintiff and Brunetti explained to the Program Manager that Mr. Vu was unable to take the task due to the translation difficulty and quick turnaround time requested.

5.    On or around November 7, 2023, when Plaintiff returned from lunch, Supervisory Foreign Language Program Coordinator, Courtney Bernal (White), had assigned the task to him notwithstanding that Mr. Vu had previously communicated that he was unable to accept.

6.    Plaintiff asked Bernal whether she knew that Brunetti had previously rejected the task, and Bernal responded in the negative, but advised Plaintiff that she would rescind the task.

7.    Approximately 15 to 20 minutes later, Bernal came and apologized to Plaintiff, stating that FBIHQ gave her the impression that Plaintiff already knew about the task, and she was misled.

8.    The next day, Plaintiff found that the task was still assigned to him.

9.    Plaintiff subsequently wrote an email to Bernal, Brunetti, and Fedasenka-Cloud explaining that Bernal was forcing the task upon Plaintiff.

10.    On or around November 21, 2023, Plaintiff was pulled into a meeting with regional Program Manager (RPM) Danny K. Boyd (White), Senior Supervisory Intelligence Analyst (SSIA) Jerod D. Ross (White), and Fedasenka-Cloud.

11.    During the meeting, Defendant, by and through Boyd, Ross, and Fedasenka-Cloud, presented Plaintiff with a Letter of Admonishment for harassment and physically threatening

Bernal.

12.     The Letter of Admonishment was disciplinary in nature.

13.     Plaintiff asked for details of the alleged physical threat, but Defendant failed to provide him with an opportunity to respond.

14.     Plaintiff was sent home and mandated to obtain counseling from Employee Assistance Program (EAP) for "unprofessional behavior."

15.     Fedasenka-Cloud eventually informed Plaintiff that the way Plaintiff allegedly walked towards Bernal was threatening.

16.     Fedasenka-Cloud never provided any evidence of the alleged behavior, nor afforded Plaintiff any due process.

17.     On or around December 22, 2023, Plaintiff initiated the EEO complaint process by contacting the EEO counselor, based on the belief that Defendant acted discriminatorily based on Plaintiff's race, national origin, and gender, in issuing the Letter of Admonishment without proper basis.

18.     On or around January 9, 2024, Defendant again reprimanded Plaintiff, this time for alleged unprofessional behavior.

19.     On or around January 12, 2024, Plaintiff was advised by Fedasenka-Cloud that he was required to report to her when he arrived to the office.

20.     Plaintiff was also, on or around January 12, 2024, required to report when left the office.

21.     On or around January 12, 2024, Plaintiff was also told that he was required to constantly display his instant messenger status as "available."

22.     Plaintiff's colleagues of a different race and national origin were not required by

4

Fedasenka-Cloud to make similar reports regarding their whereabouts, nor were they required to constantly display their instant messenger status as "available."

23.     On or around January 24, 2024, a supervisory intelligence analyst advised Plaintiff that his chain-of-command had changed.

24.     On January 24, 2024, Plaintiff was directed to relocate to a cubicle in an open workspace.

25.     Placing Plaintiff's work location in a cubicle was a downgrade in his status and humiliated Plaintiff.

26.     The false allegations of harassment and physically threatening behavior against Plaintiff have caused humiliation, embarrassment, major depression, and impacted Plaintiff's career advancement opportunities.

27.     After Plaintiff complained about being discriminated against based on his race, gender, and national origin, he began to experience retaliation in the workplace.

28.     Only after Plaintiff complained of retaliation did Defendant renege its request for Plaintiff to relocate to a cubicle in an open workspace.

29.     On September 25, 2024, Plaintiff submitted a hearing request with the EEOC.

30.     On or around December 16, 2024, an Initial Status Conference was held related to Plaintiff's EEO claims.

31.     On January 22, 2025, Plaintiff's EEOC case was reassigned to a different Administrative Judge after the previous judge retired from the EEOC.

32.     On April 22, 2025, Defendant filed its Motion for Summary Judgment in the EEOC.

33.     In or around May 28, 2025, Plaintiff filed his response in opposition to Defendant's

Motion for Summary Judgment.

34.    Fedasenka-Cloud, Ross, Bernal, and Boyd, are all White employees of Defendant.

35.    Bernal's allegations that Plaintiff acted in a threatening manner towards her was accepted by management officials without any evidence in support thereof.

36.    Bernal's story regarding being threatened by Plaintiff was believed over Plaintiff because she is a female.

37.    Bernal's story regarding being threatened by Plaintiff was believed over Plaintiff because she is White.

38.    Subsequent to complaining about being discriminated against, Plaintiff's retaliatory treatment continued.

**COUNT ONE**
**Race Discrimination**
**Title VII of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.***

39.    Plaintiff, of Asian descent, is a member of a protected class.

40.    Because of his race, Plaintiff was subjected to unlawful conduct and adverse actions alleged throughout this Complaint in violation of Title VII.

41.    Specifically, Defendant reprimanded Plaintiff on the basis of his race.

42.    Defendant's foregoing unlawful adverse actions materially affected the terms, privileges, and conditions of Plaintiff's employment.

43.    Defendant knew that Plaintiff was Asian prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the race-based discrimination Plaintiff was subjected to because of his race and national origin.

44.    Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his race and national origin in violation of Title VII.

6

45.     Defendant has limited, segregated, and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his race.

46.     Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

47.     Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

48.     Plaintiff's race was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

49.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

50.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his race (Asian).

51.     Defendant discriminated against Plaintiff because of his race by engaging in, tolerating or failing to prevent gender discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetuated against Plaintiff.

52.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

53.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages – including but not limited to past and future loss of income, benefits, promotion, and promotional

7

opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

54.     Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

55.     Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**COUNT TWO**
**National Origin Discrimination**
**Title VII of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.***

56.     Plaintiff, of Asian descent (national origin unknown), is a member of a protected class.

57.     Because of his national origin, Plaintiff was subjected to unlawful conduct and adverse actions alleged throughout this Complaint in violation of Title VII.

58.     Specifically, Defendant reprimanded Plaintiff on the basis of his national origin.

59.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges, and conditions of Plaintiff's employment.

60.     Defendant knew that Plaintiff was Asian prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the national origin-based discrimination Plaintiff was subjected to because of his race and national origin.

61.     Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his national origin in violation of Title VII.

62.     Defendant has limited, segregated, and classified Plaintiff in a way that deprived

8

him of employment opportunities and otherwise adversely affected his status as an employee because of his race and national origin.

63. Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

64. Plaintiff's national origin was a determining factor in Defendant's unlawful conduct toward Plaintiff.

65. Plaintiff's national origin was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

66. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

67. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his national origin.

68. Defendant discriminated against Plaintiff because of his national origin by engaging in, tolerating or failing to prevent gender discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetuated against Plaintiff.

69. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

70. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages – including but not limited to past and future loss of income, benefits, promotion, and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available

legal and equitable remedies.

71.     Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

72.     Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**COUNT THREE**
**Sex Discrimination**
**Title VII of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.***

73.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

74.     Plaintiff, a male, is a member of a protected class.

75.     Because of his gender, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint in violation of Title VII.

76.     Specifically, Defendant reprimanded Plaintiff on the basis of his gender.

77.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges, and conditions of Plaintiff's employment.

78.     Defendant knew that Plaintiff is a male prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the sex discrimination Plaintiff was subjected to because of his gender (male).

79.     Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his gender (male) in violation of Title VII.

80.     Defendant has limited, segregated, and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his gender (male).

81.     Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

82.     Plaintiff's gender was a determining factor in Defendant's unlawful conduct toward Plaintiff.

83.     Plaintiff's gender was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

84.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

85.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his gender (male).

86.     Defendant discriminated against Plaintiff because of his gender by engaging in, tolerating or failing to prevent gender discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetuated against Plaintiff.

87.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

88.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages – including but not limited to past and future loss of income, benefits, promotion, and promotional

opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

89.     Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

90.     Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

## COUNT FOUR
### Retaliation
### Title VII of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

91.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

92.     Plaintiff immediately complained regarding the discriminatory and retaliatory treatment that he was experiencing.

93.     Soon after complaining, Plaintiff was subjected to adverse actions alleged throughout this Complaint.

94.     Defendant subjected Plaintiff to the aforementioned adverse employment actions because of his participation and opposition to the unlawful and discriminatory employment practices of Defendant in violation of 42 U.S.C. §§ 2000e, *et seq*.

95.     Defendant, including Plaintiff's supervisors, knew of Plaintiff's engagement in protected activity prior to engaging in the aforementioned adverse actions when they were informed by Plaintiff.

96.     The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of Plaintiff having previously engaged in protected equal employment opportunity activity.

97.     Plaintiff's prior protected activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

98.     Plaintiff's prior protected activity was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

99.     Similarly situated employees with no known prior equal employment opportunity activity were not subjected to the same, similar or any adverse treatment.

100.    The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

101.    Defendant's unlawful conduct negatively impacted Plaintiff's right to make and enforce contracts, as well as his right to the full and equal benefit of all laws and proceedings for the security of persons and property, in violation of 42 U.S.C. §§ 2000e, *et seq*.

102.    Defendant's retaliatory conduct was due to Plaintiff's participation in protected equal employment opportunity in opposition to Defendant's discriminatory conduct.

103.    As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings and other financial losses, embarrassment, humiliation and other forms of pain and suffering that is on-going, and permanent in nature without Plaintiff in anyway contributing thereto.

104.    Defendant FBI is responsible for the acts and omissions of its employees for actions taken in the scope of and in the course of their employment.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, Chris Vu, respectfully prays that this Honorable Court grant him the following relief:

a) Enter a declaratory judgment finding that the foregoing actions of Defendant violated 42 U.S.C § 2000e *et seq*;

b) Enter a permanent injunction directing Defendant to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory and retaliatory conduct described herein and to prevent similar occurrences in the future;

c) Order the Defendant institute a policy and procedure to be implemented against discrimination and retaliation;

d) Award compensatory damages in a proven and determined amount to compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress caused by the conduct of Defendant alleged herein;

e) Award reasonable attorney fees, costs, and expenses incurred for this action;

f) Award equitable, declaratory, and injunctive relief;

g) Pre- and post-judgment interest;

h) Award Plaintiff punitive damages; and

i) Order such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Dated: June 30, 2026

Respectfully submitted,

/s/ *Donna Williams Rucker*
Donna Williams Rucker
(D.C. Bar No. 446713)
Managing Partner

TULLY RINCKEY PLLC
2001 L Street NW, Suite 902
Washington, DC 20036
Phone: (202) 787-1900
Fax:    (202) 640-2059
drucker@fedattorney.com

*Counsel for Plaintiff*

15