UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRIS VU,

Plaintiff,

v.

TODD BLANCHE, Attorney General,

Defendant.

Civil Action No. 26-2321 (BAH)

## ANSWER

Defendant Todd Blanche, in his official capacity as Attorney General, by and through undersigned counsel, respectfully submit this Answer to the Complaint filed by Plaintiff Chris Vu (ECF No. 1). This case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

**RESPONSES TO NUMBERED PARAGRAPHS[1]**

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response. However, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer. Defendant expressly denies all allegations in the

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.

Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

## INTRODUCTION

1. Defendant only admits that this is an action instituted pursuant to Title VII, 42 U.S.C. §§ 2000e for discrimination and retaliation. Defendant denies all remaining allegations in Paragraph 1.

2. Defendant admits.

3. This paragraph contains conclusion of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

4. Defendant admits only that on approximately November 21, 2023, Defendant admonished Plaintiff for behavior that was perceived as physically threatening. Defendant denies all remaining allegations in Paragraph 4. Plaintiff's allegations that Defendant's actions were based on discrimination based on race, national origin, sex, or retaliation are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

## JURISDICTION AND VENUE

5. This paragraph consists of legal conclusions regarding jurisdiction and venue, to which no response is required. Defendant only admits that this Court has jurisdiction subject to the terms and limitations of 28 U.S.C. § 1331. To the extent a response is deemed required, Defendant otherwise denies.

## PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 6.

7. Defendant admits.

8. Defendant admits.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 9.

10. Defendant admits.

**FACTS[2]**

1. Defendant admits.

2. Defendant admits.

3. Defendant admits.

4. Defendant admits only that Plaintiff was assigned a task from FBIHQ. Defendant denies the remaining allegations in Paragraph 4.

5. Defendant admits only that Plaintiff was assigned a task by Supervisory Foreign Language Program Coordinator Courtney Bernal. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6. To the extent a response is deemed required, Defendant denies.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7. To the extent a response is deemed required, Defendant denies.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8. To the extent a response is deemed required, Defendant denies.

9. Defendant admits that Plaintiff emailed Bernal, Brunetti, and Fedasenka-Cloud. Defendant denies the remaining allegations in Paragraph 9.

---

[2] Plaintiff's numbering restarts at 1 in this Paragraph, which Defendant mirrors for ease of reference.

10. Defendant admits.

11. Defendant admits that Plaintiff was issued a letter of admonishment. Defendant denies the remaining allegations in Paragraph 11.

12. Defendant denies. To the extent this paragraph is a characterization of the contents of the letter of admonishment, Defendant avers that the letter is the best evidence of its contents and speaks for itself.

13. Defendant admits that Plaintiff asked for details of the alleged physical threat. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant admits that Plaintiff was mandated to obtain counseling from the Employee Assistance Program (EAP). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14. To the extent a response is deemed required, Defendant denies.

15. Defendant denies.

16. Defendant denies. This paragraph also contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

17. Defendant admits that Plaintiff initiated EEO contact on December 22, 2023. Any allegations regarding why Plaintiff initiated EEO contact are Plaintiff's subjective beliefs and require no response. To the extent a response is deemed required, Defendant denies.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18. To the extent a response is deemed required, Defendant denies.

19. Defendant admits.

20. Defendant admits.

21. Defendant denies.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22. To the extent a response is deemed required, Defendant denies.

23. Defendant admits.

24. Defendant denies.

25. Defendant denies. The allegations in Paragraph 25 are Plaintiff's subjective beliefs and require no response. To the extent a response is deemed required, Defendant denies.

26. Defendant denies. The allegations in Paragraph 26 are Plaintiff's subjective beliefs and require no response. To the extent a response is deemed required, Defendant denies.

27. Defendant denies.

28. Defendant denies.

29. Defendant admits.

30. Defendant admits.

31. Defendant admits.

32. Defendant admits.

33. Defendant admits.

34. Defendant admits that the individuals named in this paragraph were employees of Defendant at the times relevant to this complaint. Defendant further admits that Fedasenka-Cloud, Ross, and Boyd are White. Defendant denies the remaining allegations in Paragraph 34.

35. Defendant denies.

36. Defendant denies.

37. Defendant denies.

38. Defendant denies.

**COUNT ONE**
**Race Discrimination**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.***

Defendant incorporates all of the preceding paragraphs of this Answer as if fully stated in this paragraph.

39. Paragraph 39 is a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

40. Defendant denies.

41. Defendant denies.

42. Defendant denies.

43. Defendant admits that Defendant knew Plaintiff was Asian. Defendant denies the remaining allegations in Paragraph 43.

44. Defendant denies.

45. Defendant denies.

46. Defendant denies.

47. Defendant denies.

48. Defendant denies.

49. Defendant denies.

50. Defendant denies.

51. Defendant avers that Count I relates only to race discrimination and therefore Plaintiff's allegation that Defendant tolerated or failed to prevent "gender discrimination" against Plaintiff is irrelevant. Further, Defendant denies.

52. Paragraph 52 is a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53. To the extent a response is deemed required, Defendant denies.

54. The allegations in Paragraph 54 are Plaintiff's subjective beliefs and require no response. To the extent a response is deemed required, Defendant denies.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55. To the extent a response is deemed required, Defendant denies.

**COUNT TWO**
**National Origin Discrimination**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.***

Defendant incorporates all of the preceding paragraphs of this Answer as if fully stated in this paragraph.

56. Paragraph 56 is a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

57. Defendant denies.

58. Defendant denies.

59. Defendant denies.

60. Defendant admits that it knew Plaintiff was Asian. Defendant denies the remaining allegations in this Paragraph 60.

61. Defendant denies.

62. Defendant denies.

63. Defendant denies.

64. Defendant denies.

65. Defendant denies.

66. Defendant denies.

67. Defendant denies.

68. Defendant denies.

69. Paragraph 69 is a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

70. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70. To the extent a response is deemed required, Defendant denies.

71. The allegations in Paragraph 71 are Plaintiff's subjective beliefs and require no response. To the extent a response is deemed required, Defendant denies.

72. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72. To the extent a response is deemed required, Defendant denies.

**COUNT THREE**
**Sex Discrimination**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.***

73. Defendant incorporates all of the preceding paragraphs of this Answer as if fully stated in this paragraph.

74. Paragraph 74 is a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

75. Defendant denies.

76. Defendant denies.

77. Defendant denies.

78. Defendant admits it knew Plaintiff was male. Defendant denies the remaining allegations in Paragraph 78.

79. Defendant denies.

80. Defendant denies.

81. Defendant denies.

82. Defendant denies.

83. Defendant denies.

84. Defendant denies.

85. Defendant denies.

86. Defendant denies.

87. Paragraph 87 is a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

88. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88. To the extent a response is deemed required, Defendant denies.

89. The allegations in Paragraph 89 are Plaintiff's subjective beliefs and require no response. To the extent a response is deemed required, Defendant denies.

90. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90. To the extent a response is deemed required, Defendant denies.

**COUNT FOUR**
**Retaliation**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.***

91. Defendant incorporates all of the preceding paragraphs of this Answer as if fully stated in this paragraph.

92. Defendant admits that Plaintiff made a complaint to the Agency's Office of Equal Employment Opportunity Affairs on or about February 22, 2024. Defendant denies the remaining allegations in Paragraph 92.

93. Defendant denies.

94. Defendant denies.

95. Defendant denies.

96. Defendant denies.

97. Defendant denies.

98. Defendant denies.

99. Defendant denies.

100. Defendant denies.

101. Defendant denies.

102. Defendant denies.

103. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103. To the extent a response is deemed required, Defendant denies.

104. Paragraph 104 is a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies.

**PRAYER FOR RELIEF**

This remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

**DEFENSES**

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

With respect to any and all personnel actions of which Plaintiff complains, Defendant had legitimate, non-discriminatory, and non-retaliatory reasons for each action.

**SECOND DEFENSE**

Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in his Complaint; however, if the Court finds Plaintiff is entitled to damages, Plaintiff failed to mitigate his damages.

**THIRD DEFENSE**

Plaintiff's damages must be offset by funds received from other federal sources.

**FOURTH DEFENSE**

To the extent Plaintiff bases his claims on allegations that are outside of the accepted issues for investigation, or outside of the scope of his asserted Equal Employment Opportunity claims of discrimination and retaliation, Plaintiff failed to timely exhaust administrative remedies.

**FIFTH DEFENSE**

To the extent Plaintiff bases his claims on allegations that are outside of the accepted issues for investigation, or outside of the scope of his asserted Equal Employment Opportunity claims of discrimination and retaliation, Plaintiff's claims are time-barred by the applicable statute of limitations.

**SIXTH DEFENSE**

Plaintiff's retaliation claim pertaining to the letter of admonishment fails to state a claim because the letter predates Plaintiff's initial contact with an EEO counselor.

**SEVENTH DEFENSE**

Plaintiff's claims of discrimination pertaining to the letter of admonishment, the January 9, 2024 reprimand, being required to report when he started and ended the day, being required to display his instant messenger status as available, being told his chain of command had changed, and the relocation of his cubicle fail to state a claim because these actions are not adverse actions.

**EIGHTH DEFENSE**

Plaintiff's claim of national origin discrimination based fails to state a claim because Defendant cannot have discriminated against Plaintiff based on a national origin neither he nor Defendant were aware of.

Dated: November 5, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *_/s/ Benjamin W. Owen_*

BENJAMIN W. OWEN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-0899
Benjamin.Owen@usdoj.gov

*Attorneys for the United States of America*